IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Trotter Site Preparation, LLC, | ) | C/A No.: 1:09-2371-JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Local 470, International Union of | ) | |
| Operating Engineers, an unincorporated | ) | |
| association, 422 Chalk Bed Road, | ) | |
| Central Pension Fund of the Operating | ) | |
| Engineers; Thomas Joseph Farrer; the | ) | |
| Estate of Larry Trotter; Donald Rish; | ) | |
| and Danny Herlong, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | **ORDER CONSOLIDATING CASES** |
| | ) | |
| Michael R. Fanning, as Chief Executive | ) | |
| Officer of the Central Pension Fund of | ) | |
| the International Union of Operating | ) | C/A No.: 1:09-3013-JFA |
| Engineers and Participating Employers, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Trotter Site Preparation, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter comes before the court on Trotter Site Preparation, LLC's ("Trotter") motion [dkt. # 26] to consolidate <u>Trotter Site Preparation, LLC v. Local 470 et al.</u>, 3:09-2371-JFA and <u>Fanning v. Trotter Site Preparation, LLC</u>, 1:09-3012-JFA. Trotter has submitted a brief in support of its motion, while the defendants have not responded or

otherwise opposed Trotter's motion. The parties in both cases conferred with the court on January 14, 2010 and no party in either case indicated opposition to consolidation. For the reasons below, the court grants Trotter's motion to consolidate.

I.      Factual Background

Trotter is a South Carolina corporation that employed six to ten workers at the Department of Energy's Savannah River Site in South Carolina. Trotter entered into a collective bargaining agreement (the "Agreement") with, among others, the International Union of Operating Engineers Local No. 470 (the "Local"), which set forth the terms under which it would employ workers at the site. The Central Pension Fund (the "Fund") of the International Union of Operating Engineers and Participating Employers (the "Union") claims that it is entitled to contributions pursuant to that agreement. Trotter asserts that the Agreement compels no such payments, and that any payments that otherwise would have flowed to the Fund were paid as direct compensation to the individual employees, and that this was done with full knowledge of the Local.

The Fund filed suit against Trotter in the United States District Court for the District of Columbia on June 18, 2009 asserting violation of the Agreement and specific provisions of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§1132(a)(3), (g), 1145 (2006). The Fund seeks $34,669.00 in unpaid contributions, plus liquidated damages, interest, costs, audit and attorneys fees, as well as a payroll audit. That suit was transferred to the United States District Court for the District of South Carolina by order

2

dated November 9, 2009.

Trotter filed suit against the Fund, the Local, and several individuals in the United States District Court for the District of South Carolina on September 8, 2009, seeking declaratory, injunctive, and other equitable relief against the Local; indemnification against the Local and the individual defendants; and damages for unfair trade practices and conspiracy against the Local and the Fund.

II. Discussion

Trotter seeks to consolidate cases pursuant to Rule 42(a) of the Federal Rules of Civil Procedure. Rule 42(a) provides that:

> If actions before the court involve a common question of law or fact, the court may:
> (1) join for hearing or trial any or all matters at issue in the actions;
> (2) consolidate the actions; or
> (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a). District courts enjoy broad discretion under Rule 42(a) to consolidate cases pending in the same district, though must exercise such discretion within certain guidelines. The Fourth Circuit has indicated that the district court must critically assess (1) the specific risks of prejudice and possible confusion as against the risk of inconsistent adjudications of common factual and legal issues; (2) the burden on parties, witnesses and available judicial resources posed by multiple lawsuits; (3) the length of time required to conclude multiple suits as against a single one; and (4) the relative expense to all concerned of the single-trial, multiple-trial alternatives. Arnold v. Eastern Airlines, Inc., 681 F.2d 186,

193 (4th Cir. 1982).

Both cases concerns differences in interpreting the same Agreement. The dispute over the contract's meaning lies at the heart of both cases, and supplies the prerequisite common legal issue necessary to consolidate the cases. In evaluating the Arnold factors, the court finds consolidation appropriate as a single adjudication (1) prevents any risk of inconsistent contract interpretation; (2) mitigates expenses related to duplication of effort and the travel of the approximately 17 witnesses; (3) and conserves time and judicial resources. The court finds that consolidation presents little chance of jury confusion as the interpretation of the contract will be out of any jurors hands. Moreover, consolidation does not appear to prejudice any of the parties, as the Fund is already a defendant in Trotter v. Local 470 et al., and the heart of the separate cases goes to the same disputed issue.

III. Conclusion

Based on the foregoing, the court grants Trotter's motion [dkt. # 26] to consolidate Fanning v. Trotter Site Preparation, LLC., 1:09-3013-JFA and Trotter Site Preparation, LLC v. Local 470 et al., 1:09-2371-JFA. A scheduling order for the consolidated case will issue once all parties have appeared.

IT IS SO ORDERED.

January 14, 2010
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge